## Dunn et al. v. Commonwealth.

May 23, 1941.

W. C. Hamilton for appellants.

Hubert Meredith, Attorney General, and Guy H. Herdman, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Affirming.

The grand jury of Montgomery county indicted John Dunn and Orbin Mills for chicken stealing, a crime defined by Section 1201c of the Kentucky Statutes. The indictment also charged that Dunn had been convicted of a felony, to wit, chicken stealing, in the Menifee circuit court in March, 1926, and had been sentenced to a term of one year in the state penitentiary, and that the judgment in that case had not been appealed from or set aside. The accused were tried together in the Montgom-

ery circuit court, and both were convicted. The jury fixed the punishment of Dunn and Mills at confinement in the state penitentiary for three years and two years, respectively. On this appeal the sole ground urged for reversal of the judgment is that the evidence is insufficient to sustain the verdict.

Marcus Higgins testified that on the night of March 15, 1940, he went to the home of his father-in-law, Jim Walters, who was ill, and remained there until 9:30 P. M. when he returned to his home accompanied by Charles and Lewis Walters, his brothers-in-law. Shortly after they arrived at the Higgins home he heard the squawking of fowls in his barn, which was located about 40 yards from the residence and across the public road. He armed himself with a pistol and shotgun, and, accompanied by Charles and Lewis Walters, went to the barn where he saw John Dunn and Orbin Mills with chickens in their possession. Higgins and the Walters brothers were within a few feet of Dunn and Mills when they left the barn with the chickens. Higgins asked them what they were doing with the chickens, and they started to run. When they were about 30 steps away Higgins fired at them with his shotgun, and Dunn dropped two chickens and began firing back at Higgins with a pistol. Mills, after running some distance, fired at him with a 22-calibre rifle. Charles and Lewis Walters corroborated Higgins in every respect. Dunn was wounded in the hand, and he and Mills were arrested later in the night at Owingsville where they had gone to have Dunn's wound dressed by a physician. An empty pistol and a 22-calibre rifle were found in their automobile. Dunn and Mills denied the theft of the chickens and testified that they were passing along the public highway in front of Higgins' residence when they were fired upon. They claimed that Dunn had purchased a calf from a neighbor a few days before the shooting, and the calf had returned to the home of its former owner. They had gone to this neighbor's home, obtained the calf, and were returning it to Dunn's home when they were fired upon.

The evidence is in direct conflict, with three witnesses for the Commonwealth testifying positively that they saw Dunn and Mills leaving Higgins' barn with chickens in their possession. Higgins testified that 18 chickens were stolen from the barn on the night of

March 14th, and 12 were stolen on the night of March 15th. Appellants, in effect, ask this court to invade the province of the jury and to disregard the testimony of Higgins and the Walters brothers. It is argued that Higgins and the Walters family desired to drive Dunn from the neighborhood and obtain possession of his land, but there is little, if any, testimony to justify such a conclusion. If Higgins and the Walters brothers were unworthy of belief, it was a matter for the jury to determine. No effort was made to impeach them by showing that their reputation for truth and veracity was bad. A few scraps of testimony tending to show ill feeling between Dunn and members of the Walters family were introduced, but the witnesses for the Commonwealth denied that any ill feeling existed. In a criminal case the jury is not bound to accept as true the testimony of the accused, but when the evidence is conflicting it is the duty of the jury to weigh it all and consider not only what was actually said by the witnesses but also the demeanor of each witness while testifying, the interest of any of them in the result of the trial, and all the circumstances attending the transaction constituting the alleged offense. Carter v. Commonwealth, 278 Ky. 14, 128 S. W. (2d) 214; Davis v. Commonwealth, 270 Ky. 53, 109 S. W. (2d) 2. The testimony of the prosecuting witnesses in the instant case cannot be disregarded as being without evidentiary value. It is not inherently improbable or so opposed to all reasonable probabilities as to be manifestly false. That being true, the credibility of the witnesses was a matter to be determined solely by the jury. The testimony of the witnesses for the Commonwealth was accepted as true by the jury, and it cannot be said the verdict is not sustained by the evidence.

The judgment is affirmed.